File Date August 1, 2012

RECEIVED
12 AUG -7 PM 1:51

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

In The United States District Court for the Western District of Tennessee Eastern Division

Trammel Dewain Slaughter, TDOC #351467
Plaintiff,

VS.

NO._____
Jury Demanded

Corrections Corporation of America, a for profit corporation;
Warden Joe Easterling, Hardeman County Correctional Facility;
(Present) H.S.A. MS Bullock
(Former) H.S.A. Mrs. Tippton
MD. DR. Brietling, FNP DR Davis
Nurse Heather, Nurse Hughes, Nurse Goodman,
Nurse Jane Doe #1, Nurse Jane Doe #2, Nurse Jane Doe #3
Defendants

## COMPLAINT

Comes now the Plaintiff, Trammel Dewain Slaughter, TDOC NO. 351467, and for his complaint against defendants in this case would show court as follows:

I. **JURISDICTION**
1. This court has federal claim jurisdiction under 42 U.S.C. ʒ1983 and the civil rights claim jurisdiction under 28 U.S.C. ʒ 1343.

II. **Nature of The Claim**
2. Plaintiff has brought suit for damages and injunctive relief arising from deprivation of his civil rights under color of law which are protected under cruel and unusual punishment clause of delierage indifference as provided for by 42 U.S.C.ʒ1983. Plaintiff's claim arises out of the defendants' negligence to administer the appropriate treatment and their indifference to his serious medical needs.

III. **The Parties**
3. Plaintiff Trammel Dewain Slaughter TDOC NO.351467, is presently incarcerated at Hardeman County Correctional Facility (HCCF), HCCF is owned and operated by Defendant Corrections Corporation of America (CCA).

NOTARY: Roxanne Carroll 8-2-12

Page 1 of 4
[signature] 8/2/12

[Notary seal: ROXANNE CARROLL, STATE OF TENNESSEE NOTARY PUBLIC, HAMILTON COUNTY, Commission Expires Apr. 07, 2015]

4. CCA is a for-profit corporation, chartered under the laws of the State of Maryland. Its headquarters is located at 10 Burton Hills, Nashville Tennessee 37215. CCA is organized for the purpose of owning and /or operating correctional facilities under contract with the state of Tennessee to perform this governmental function, including but not limited to the HCCF facility. Because CCA was exercising its responsibilities under state law, its acts and omissions were performed under color of law as they relate to Plaintiff Trammel Dewain Slaughter.
5. Defendant Joe Easterling warden of HCCF: defendant Joe Easterling is employed by CCA, and acted pursuant to the rules and regulations of the Tennessee Department of Corrections. Joe Easterling was acting under the color of law. : Defendant Joe Easterling is being sued in his individual capacity.
6. Defendants of medical personnel named in accordance to personalized identification, others referred to as Jane Doe's are due to the fact that identification plates were not visible at the time of treatment and medical visits. For variable confirmation as to plaintiff complaint, all visits and treatments to medical is recorded within plaintiff file. It will also produce name of Jane Doe's> they will be sued in their individual capacity. An amended complaint joining these parties will be filed as soon as their respective names have been determined. Each suit will address individual as their actions pertinent to the claim.

### IV.   The Facts

7. On and about October 27, 2011 Plaintiff injured his foot while playing basketball. On October 28,201, Plaintiff made his initial visit to medical with complaints of the injury.
8. Nurse Hughes, examined plaintiff, and advised that it looked to be badly sprained or broken; she issued crutches for 14 days.
9. Plaintiff returned to medical for second visit approximately 1week later and was told by Nurse Heather that he needed to put weight on the foot, and was ordered to leave the crutches.
10. Plaintiff submitted grievance addressing the seriousness of his injury on Feb26, 2012.
11. Plaintiff was ordered to undergo 2 separate x-ray which did not reveal any broken bones.
12. (Date on file), Defendant Warden Easterling ordered plaintiff to be taken to outside doctor for 3rd x-ray.
13. On March 16, 2012, Defendant Warden Easterling ordered plaintiff to be taken to outside doctor for further diagnosis, treatment and MRI.
14. Plaintiff developed a severe infection which had to be cleaned and the bandages changed daily. Plaintiff was held in medical for 24 hrs. observation in relation to infection.
15. On March 16, 2012 Plaintiff was informed that his injury was the result of Achilles tendon tear in his right foot, and because of the time which had elapsed, that it could not be surgically repaired. That it would have to continue to heal on its own.
16. Correctional Officer Henderson transported Mr. Slaughter and also witnessed the doctor's statement that HCCF waited too long for appropriate procedures.
17. Plaintiff's symptoms as to date: Mr. Slaughter still endures with the excruciation pain and swelless which stems from his injury. Plaintiff still have a noticeable limp, discolorment of outer layer of skin as thought the results of poor blood circulation.
18. Plaintiff's injury may require additional treatment, but Defendant CCA, because it is a for-profit corporation, limits the amount of money it will pay for inmate health care. For this

NOTARy: Roxanne Carroll    8-2-12.

*[Notary seal: ROXANNE CARROLL, NOTARY PUBLIC, STATE OF TENNESSEE, HAMILTON COUNTY]*

Commission Expires Apr. 07, 2015

reason<Plaintiff has been denied the proper medical treatment which would have ridded him of his prolonged suffering. The failure to provide said treatment constitutes deliberate indifference to plaintiff's serious medical needs.

### V. Exhaustion of Administrative Remedies

19. On February 26, 2012 Plaintiff filed his grievance complaining about the seriousness of his injury. **(See Exhibit A)** attached hereto.
20. Plaintiff's grievance was logged and given a grievance number of 20200/296037 on March 3, 2012 **(see Exhibit A)**, supra.
21. HAS Tippton concurs with supervisor (deem non-emergency) **(see Exhibit B.)**
22. On March 15,2012 grievance board committee response was if unable to handle in-house, he should be seen by outside provider immediately **(see Exhibit C)**
23. On March 22, 2012 Defendant Warden Easterling disagrees with the proposed response **(see exhibit C)**, supra.
24. On April 9, 2012, Plaintiff appeals warden's response to commissioner **(see Exhibit C)** Supra.
25. On May 1,2012, Deputy Commissioner of Operations J. Woodall forward grievance back to facility after signing the he concurs with supervisor **(see Exhibit D)**
26. On May 2, 2012 stamped received, but no signature as to which person received it. **(See Exhibit D)** supra.
27. Response to grievance **(see Exhibit E)**
28. Date of Hearing **(see Exhibit F)**

### VI. Damages

29. As a result of the actions of the Defendant, Plaintiff was mis-diagnosed of the severity to the extent of his injury.
30. Plaintiff was forced to endure with excruciating pain of his injury solely because of the expenditure to have the needed surgery.
31. Plaintiff continues to endure with the pain, swollenness, limp, discolorment of skin, the loss of weight caused from his massive bout of depression.
32. The Plaintiff has likely suffered permanent damage and will need continued medical treatment in the future.
33. The acts or omission of each defendant caused the plaintiff to suffer a prolonged period with his physical injury, mental and emotional pain which may or may not suffer from or for the rest of his life.
34. Defendant's conduct in violation Plaintiff's rights as described herein shocks of the conscience and is intolerable to society's standards of fundamental fairness, these results were reasonably foreseeable by Defendants and Defendants acted with reckless disregard to plaintiff's injury and/or intentional indifference and intentional misconduct to cause suffering.

### VII. Cause of Action

35. Plaintiffs suffered by deleverage indifference; his rights were violated by the cruel and unusual punishment in which he received. Said actions committed singly and in concert, constitute a deprivation of plaintiff's civil rights under color of law. He is entitled to damages under 42 U.S.C.₃ 1983 for his injury.

NOTARY: Roxanne Carroll 8-2-12
My Commission Expires April 07, 2015

36. The actions and omissions of all Defendants' involved, caused Plaintiff not to receive the surgery which would have repaired his injury a more timely period than having it healing in time.
37. By contrast with the State of Tennessee; Defendant CCA can increase its profit by cutting healthcare costs for inmates such as the plaintiff in this case. When the profit incentive causes deliberate indifference to an inmate's serious medical needs such as occurred in this case, Defendant CCA has deprived. Plaintiff of his civil rights under color of law for which he is entitled to recover damages.

## CONCLUSION

A. That proper process issue and be served upon the Defendants, and that Defendant's be required to appear and answer the complaint within the time required by law.
B. That a jury be empanelled to hear plaintiff's claim against defendants.
C. That the Plaintiff be awarded a judgment against Defendant's in an amount of $1,500,000.00.
D. That the Plaintiff be awarded actual economic damages, compensatory damage, punitive damages, attorney fees, costs and both pre judgment and post judgment interest.
E. Such further and other general relief to which plaintiff may be entitled.
F. Plaintiff's submittance of claim is of his own violation. Plaintiff ask the court to appoint legal counel for future proceedings.

Respectfully Submitted,

**Trammel Dewain Slaughter**

Signed and Prepared By:

*[signature]*

**Alicia Patrice Harrison**

NOTARY: Roxanne Canall 8-2-12
my Commisson expires APRIL 07, 2015

*[Notary seal: ROXANNE CARROLL, STATE OF TENNESSEE NOTARY PUBLIC, HAMILTON COUNTY]*

My Commission Expires Apr. 07, 2015